**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| HEATHER PURSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.06-2133-CM |
| | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

**ORDER**

    This matter comes before the court upon the jointly filed Motion to Stay Discovery (Doc. 29). Under the current scheduling order, all discovery is to be completed by February 23, 2007.[1] Since late December 2006, plaintiff's counsel has made repeated attempts to contact plaintiff via mail and phone. However, Plaintiff has not responded to her counsel's letters and plaintiff's last known phone number has been disconnected. Consequently, plaintiff's counsel asks the court to stay discovery until February 16, 2007 to allow counsel more time to contact plaintiff. The motion states that if the motion is granted and counsel for plaintiff makes contact with plaintiff, then plaintiff's counsel would support a motion to amend the scheduling order. Alternatively, "[i]f Plaintiff's counsel is unable to contact Plaintiff by February 16, 2007, Plaintiff's counsel will not oppose a motion to dismiss this action by the Defendant."

    Whether to grant a motion to stay discovery lies within the court's discretion,

---

[1] Scheduling Order (Doc. 14).

however, the Tenth Circuit has warned that "'the right to proceeding in court should not be denied except under the most extreme circumstances.'"[2] As a general rule, the District of Kansas does not favor staying pretrial proceedings even though dispositive motions are pending.[3] Most exceptions to this general rule hinge on the existence and nature of the pending dispositive motion.[4] However, another exception exists "where discovery on all issues of the broad complaint would be wasteful and burdensome."[5]

Here, no party has filed a dispositive motion and the present motion does not argue that further discovery of the broad complaint would prove wasteful and burdensome. Moreover, even under the court's broad discretion, the court can find no justification to stay discovery. The parties offer no reason as to why the court should *stay* discovery until the arbitrary date of February 16, 2007 when discovery will not conclude until February 23, 2007. Indeed, plaintiff submitted interrogatories and requests for production to defendant on January 16, 2007.[6,7] And defendant noticed the taking of the deposition of

---

[2] *Afshar v. Unites States Dep't of State*, No. 06-2071, 2006 U.S. Dist. LEXIS 52435, at *2 (D. Kan. July 18, 2006)(citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.*, Inc., 713 F.2d 1477, 1484 (10th Cir. 1983)).

[3] *Id.* (citing *Wolf v. U. S.*, 157 F.R.D. 494, 495 (D. Kan. 1994)).

[4] "Exceptions to this general policy may however, be made when the case is likely to to be finally concluded as a result of the ruling [of the dispositive motion] thereon; where the facts sound through uncompleted discovery would not affect the resolution of the motion" or when party seeking the stay has also filed a dispositive motion asserting absolute or qualified immunity. *Afshar*, 2006 U.S. Dist. LEXIS 52435, at * 2-3 (citing *Wolf*, 157 F.R.D. at 495).

[5] *Id.*

[6] Notice of Service (Doc. 26).

[7] Notice of Service (Doc. 26).

Brook Collins for January 30, 2007.[8]  In light of the present circumstances, the court believes that a motion to modify the scheduling order, if necessary, would more appropriately address the issues presented in the present motion.  According,

    IT IS THEREFORE ORDERED that the present motion to stay discovery (Doc. 29) is denied.

    IT IS SO ORDERED.

    Dated this 30th day of January, 2007, at Topeka, Kansas.

                                    s/ K. Gary Sebelius
                                     K. Gary Sebelius
                                     U.S. Magistrate

---

[8]