IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| HEATHER PURSER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.06-2133-CM |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the court upon defendant's Motion to Compel (Doc. 56). Plaintiff has not filed a response and the time to do so has passed.[1]

**Background**

The court finds the procedural history of the present case enlightening as to the current issues before the court.

On November 1, 2006 Judge Carlos Murguia entered a Show Cause Order requiring plaintiff to show cause in writing why defendant's motion to dismiss should not granted for failure to file a brief or response in the time period allowed under our local rules.[2] Pursuant to the court's order, plaintiff's counsel informed that plaintiff "had no desire to leave any motion unanswered" but had no intention of opposing defendant's motion to dismiss Haskell Indian Nation and to amend the caption as defendant's Motion to Dismiss requested.[3]

---

[1] D. Kan. Rule 6.1(d)(1).

[2] *See* Order to Show Cause (Doc. 16).

[3] *See* Response to Order to Show Cause (Doc. 19) at p. 2.

On January 29, 2007, plaintiff filed a Joint Motion to Stay Discovery.[4] This motion informed that plaintiff's counsel had made repeated attempts to contact plaintiff via mail and phone but that plaintiff had not responded to her counsel's letters and plaintiff's last known phone number had been disconnected. Consequently, plaintiff's counsel asked the court to stay discovery to allow counsel more time to contact plaintiff. The motion also stated that "[i]f Plaintiff's counsel is unable to contact Plaintiff by February 16, 2007, Plaintiff's counsel will not oppose a motion to dismiss this action by the Defendant."[5] The court declined to stay discovery until the arbitrary date of February 16, 2007 and suggested to the parties that a motion to amend the scheduling order would constitute a better course of action.[6]

Upon subsequent motion of plaintiff, the court amended the parties' scheduling order and granted the parties an additional month for completion of discovery.[7] In the court's order the court noted "plaintiff's counsel has indicated that plaintiff has again made contact with her counsel and is actively pursing her claim."[8]

On April 13, 2007, the court conducted the parties' Final Pretrial Conference[9] and entered the parties' Pretrial Order.[10] Based on the agreement of counsel, the court extended

---

[4]*See* Joint Motion to Stay Discovery (Doc. 29).

[5]*Id.* at p. 2.

[6]Order (Doc. 30).

[7]*See* Motion to Amend Scheduling Order (Doc. 34); Order (Doc. 44).

[8]Order (Doc. 44) at p. 2.

[9]Minute Entry (Doc. 49).

[10]Pretrial Order (Doc. 50).

discovery an additional ninety (90) days or until July 12, 2007 for the limited purpose of obtaining plaintiff's medial records and obtaining depositions and other limited written discovery related to such medical records.[11]  The court further ordered that the parties complete any Fed. R. Civ. P. 35 physical or mental examinations by May 28, 2007.  The pretrial order also directed that

> By May 14, 2007, plaintiff shall complete all necessary medical release forms provided by defendant.  By May 14, 2007, plaintiff shall also supplement to defendant, to the best of her ability, the complete names and addresses of her previous medical providers.  Regarding these releases and supplementation, defendant will have ten (10) days, or until May 24, 2007 to file a motion to compel or to seek sanctions.[12]

To that end, the court set a status conference for May 14, 2007 to discuss these issues. Defendant's counsel contacted the court via e-mail and informed the court that a status conference was unnecessary.  As a follow-up, the court contacted plaintiff's counsel who additionally informed the court of the resolution of all pending discovery issues.  Despite both plaintiff and defense counsel's assurances, defendant filed the present Motion to Compel (Doc. 56) on May 24,2007 seeking "a completed authorization for all health care facilities/providers as named [in the motion], the time frame for any and all consultations with Dana Dean Doering, ARNP, and complete answers to Interrogatory Nos. 27 and 28."[13]

On June 1, 2007, plaintiff filed a Motion to Dismiss Without Prejudice which stated "plaintiff has not complied with order of the Court" in that plaintiff had not completed all necessary medical release forms provided by defendant or made herself available for any Fed. R.

---

[11]*Id.* at p. 18.

[12]*Id.*

[13]Motion to Compel (Doc. 56) at p. 6.

Civ. P. 35 physical or mental examinations by May 28, 2007 as required by the pretrial order.[14]
Plaintiff's counsel indicated all means of contacting plaintiff, including telephone, mail, and e-mail correspondence, had proven unsuccessful which resulted in preventing the parties from completing discovery as ordered by this court.[15] On June 4, 2007, plaintiff's counsel filed a Withdrawal of Motion for Voluntary Dismissal Without Prejudice.[16] Plaintiff's counsel declined to elaborate as to why her motion for voluntary dismissal was withdrawn.

**Standard**

Under D. Kan. Rule 6.1(d)(1) responses to non-dispositive motions are to be filed within 14 days of the filing of the original motion. Normally, "[i]f a respondent fails to file a response within the time required by Rule 6.1(d) the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[17]

**Interrogatory Nos. 27 and 28.**

D. Kan. R. 37.1(a) provides in pertinent part:

Motions under Fed. R. Civ. P. 26(c) or 37(a) directed at depositions, interrogatories, requests for production or inspection, or requests for admission under Fed. R. Civ. P. 30, 33, 34, or 36 or at the responses thereto, *shall be accompanied by copies of the notices of depositions, the portions of the interrogatories, requests or responses in dispute*.[18]

D. Kan. R. 5.4.5 states in part that "Filing Users must submit in electronic form all documents referenced as exhibits or attachments, unless conventional filing is permitted by the court or the

---

[14] Motion for Voluntary Dismissal Without Prejudice (Doc. 57) at p. 1.

[15] *Id.* at p. 2.

[16] Withdrawal of Motion for Voluntary Dismissal Without Prejudice (Doc. 58).

[17] *See* D. Kan. Rule 7.4

[18] (Emphasis added).

administrative procedures guide."

The present motion implies that Interrogatory No. 27 sought the names of health care providers plaintiff had seen within the last 10 years and Interrogatory No. 28 sought the names of health care facilities plaintiff had attended within the last ten years.[19]  However, defendant has failed to attached Interrogatory Nos. 27 and 28 and plaintiff's response thereto.  The court has no idea if defendants even objected to these Interrogatory Nos. 27 and 28.  Moreover, defendant has also failed to state the exact nature of Interrogatory Nos. 27 and 28 in the text of the present motion.

Without a better understanding of Interrogatory No. 27 and 28 the court is in no position to compel their "complete answers."  That said, this does not impair plaintiff's duty to supplement pursuant to Rule 26(e).

**Medical Waivers**

"[N]o basis within Fed. R. Civ. P. 34" exists "to compel a party signature."[20] *Johnson v. Kraft Foods North America, Inc.*, provides:

> the Court finds no basis within Fed. R. Civ. P. 34 to compel a party signature.  The appropriate procedure to compel non-parties to produce documents is to serve them a subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure.  It is only *after* the individuals or entities object on grounds of privilege or otherwise fail to produce the documents pursuant to the subpoena that the Court will consider a motion requesting (1) the court compel the entity to produce documents pursuant to Rule 45; or (2) compel the party to execute appropriate releases pursuant to the Court's general power to enforce its

---

[19] Motion to Compel (Doc. 56) at p. 1-2.

[20] *Johnson v. Kraft Foods North America*, 236 F.R.D. 535, 540 (D. Kan. 2006).  *See also Direct, Inc., v. Hess*, No. 04-2233-GTV, 2005 U.S. Dist. LEXIS 2346 at *4 (D. Kan. February 9, 2005)(same); *Shaw v. Management & Training Corp.*, No. 04-2394, 2005 U.S. Dist. LEXIS 2348 at *6-7 (D. Kan. February 9, 2005)(same); *Stoldt v. Centurion Indus.*, No. 03-2634, 2005 U.S. Dist. LEXIS 2343 (D. Kan. February 3, 2005)(same).

orders.[21]

More expressly, under a motion to compel, there exists "no authority–under . . . Rule 37–to compel Plaintiff to sign the records authorization."[22]

However, in all of the cases cited, the non-moving party objected to the moving party's request to compel the signature of certain medial release forms.  As a result, the court *might* be inclined to find that under the present circumstances the case before the court offers an exception to this general rule.  However, in cases where the court has compelled a party signature on medical release forms, the court has also reviewed the medical releases at issue.[23]  Here, defendant has also failed to provide the court with the medical releases plaintiff has not signed.

Accordingly,

IT IS THEREFORE ORDERED that by **June 15, 2007**, defendant shall file, as a supplement to their Motion to Compel (Doc. 56), all interrogatories and responses and medical release forms that are the subject of its Motion to Compel.

IT IS FURTHER ORDERED that on **June 18, 2007 at 10:30 a.m.** the court hereby sets a telephone status conference for the parties which the court will initiate.  The parties should be prepared to discuss the pending motion to compel.

---

[21]*See Johnson*, 236 F.R.D. at 540; *Shaw*, 2005 U.S. Dist. LEXIS 2348 at *1("[T]he Court, *sua sponte*, will deny the motion [to compel] on grounds that there is not basis under Rule 34 to allow this court to compel Plaintiff to sign the authorizations as requested.").

[22]*Becker v. Securitas Security Serv. USA, Inc.*, No. 06-2226-KVH, 2007 U.S. Dist. LEXIS 15818 at *10-11 (D. Kan. March 2, 2007).

[23]*See e.g.*, *Bradley v. Val-Mejias*, Case No. 00-2395-GTV, 2001 U.S. Dist. LEXIS 25278 at *28 (D. Kan. October 9, 2001) ("The Court will therefore order Plaintiff to sign the medical release, which is attached as Exhibit J to Defendants' Memorandum in Support of Defendants' Motion to Compel.  Plaintiff shall sign and return the release to Defendants' counsel within five (5) days of the date of the filing of this Order.").

IT IS SO ORDERED.

Dated this 13th day of June, 2007, at Topeka, Kansas.

                                                               s/ K. Gary Sebelius
                                                                K. GARY SEBELIUS
                                                            United States Magistrate Judge