ace

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HEATHER PURSER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 06-2133-JAR |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on defendant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment (Doc. 53). On May 11, 2007, defendant filed this motion arguing that dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(6) and 12(h)(2) because plaintiff has failed to state a claim, or in the alternative, summary judgment is warranted under Fed. R. Civ. P. 56. Plaintiff's response was due twenty-three days later on June 4, 2007.[1] To date, plaintiff has not responded to defendant's motion. In the event a party fails to respond to a dispositive motion, the local rules provide the party has waived the right to file a response except upon a showing of excusable neglect.[2] Absent a showing of excusable neglect, the motion "will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[3] Because plaintiff has failed to respond, defendant's motion is

---

[1] *See* D. Kan. R. 6.1(d)(2).

[2] D. Kan. R. 7.4.

[3] *Id.*

uncontested. Accordingly, the Court grants defendant's motion for dismissal, or in the alternative, for summary judgment.

The Court notes that summary judgment is also appropriate in this case because defendant has shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[4] Defendant, as the moving party, bears the initial burden of providing the court with the basis for the motion and identifying those portions of the record that show the absence of a genuine issue of material fact.[5] In this case, plaintiff brings an action in tort against defendant alleging that in February 2004, when she was enrolled as a student at Haskell Indian Nations University, defendant failed to protect plaintiff when she was involved in a physical altercation with another student, Brook Spotted Eagle. To bring a claim against defendant in tort, plaintiff must show "'the existence of a duty, breach of that duty, injury, and a causal connection between the duty breached and the injury suffered.'"[6] Under Kansas law, a university that furnishes housing to its students owes a duty of reasonable care to protect its tenants.[7] "'Whether risk of harm is reasonably foreseeable is a question to be determined by the trier of fact.'"[8] In this case, plaintiff stipulated to the following facts: prior to the February 2004 altercation, plaintiff had no reason to be concerned about being in a physical

---

[4] Fed. R. Civ. P. 56(c).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[6] *Nero v. Kan. State Univ.*, 861 P.2d 768, 772 (Kan. 1993) (quoting *Honeycutt v. City of Wichita*, 836 P.2d 1128, 1130 (Kan. 1992)). Plaintiff's action against defendant arises under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2671 *et seq*. "Pursuant to the FTCA, the United States is liable in tort claims 'in the same manner and to the same extent as a private individual under like circumstances,' 'in accordance with the law of the place where the act or omission occurred.'" *Ayala v. United States*, 49 F.3d 607, 610 (10th Cir. 1995) (quoting 28 U.S.C. §§ 1346(b), 2674). Accordingly, the Court applies Kansas substantive law to plaintiff's tort claim.

[7] *Nero*, 861 P.2d at 779.

[8] *Id.* (quoting *Kan. State Bank & Tr. Co. v. Specialized Transp. Servs. Inc.*, 819 P.2d 587, 598 (Kan. 1991)).

altercation with Spotted Eagle, no one had any reason to be concerned about plaintiff and Spotted Eagle being in a physical altercation, and defendant did not know, or have reason to know, plaintiff and Spotted Eagle would be involved in a physical altercation.[9]  Based on these stipulated facts, the physical altercation between plaintiff and Spotted Eagle was not foreseeable by defendant; thus, no duty existed on the part of defendant to protect plaintiff.[10]  As such, defendant has shown that there is an absence of genuine issue of material fact in the record.

When defendant meets the initial burden of showing an absence of genuine issue of material fact, plaintiff, as the nonmovant, must then "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[11]  By failing to respond to defendant's motion, plaintiff has not set forth any facts to controvert defendant's showing that there is no genuine issue of material fact in this case.  Accordingly, summary judgment is granted in favor of defendant.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment (Doc. 53) is **GRANTED.**

**IT IS SO ORDERED**.

Dated this  2nd    day of August 2007.

                                                                           S/ Julie A. Robinson                           

---

[9](Doc. 50 at 5–6.)

[10]*See Gragg v. Wichita State Univ.*, 934 P.2d 121, 135 (Kan. 1997) (finding that plaintiff failed to show a special duty existed on the part of the university to protect plaintiff from an unanticipated and unexpected attack).

[11]*Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp.*, 477 U.S. at 325).

3

                                              Julie A. Robinson  
                                              United States District Judge

Memorandum and Order Granting Defendant's Motion to Dismiss or in the alternative, Motion for Summary Judgment , *Purser v. United States of America*, No. 06-2133